IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY L. DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-938 |
| | ) | Judge Cathy Bissoon |
| v. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| THE UNIVERSITY OF PITTSBURGH and | ) | |
| THE UNIVERSITY OF PITTSBURGH | ) | |
| BOARD OF TRUSTEES, | ) | Re: ECF No. 7 |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

I. **RECOMMENDATION**

Presently before the Court is a "Motion to Dismiss University of Pittsburgh Board of Trustees," ECF No. 7, filed by Defendant the University of Pittsburgh ("the University"). For the following reasons, it is respectfully recommended that the Motion to Dismiss be granted.

II. **REPORT**

A. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Troy L. Douglas ("Plaintiff") filed a Complaint against the University and the University of Pittsburgh Board of Trustees ("the Board of Trustees") on July 20, 2015. ECF No. 1. The suit stems from Plaintiff's employment as an assistant football coach and his termination, following the departure of Paul Chryst as the head football coach, by the University. Id. The University filed an Answer on October 5, 2015. ECF No. 6. On that same date, the University also filed the instant Motion to Dismiss the Board of Trustees from the case and a brief in

support thereof. ECF Nos. 7, 8. On October 26, 2104, Plaintiff filed his brief in opposition to the Motion to Dismiss. ECF No. 16. The Motion to Dismiss is now ripe for review.

**B.    STANDARD OF REVIEW**

As the United States Supreme Court explained in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F. 3d 224, 228 (3d Cir. 2008) (citing Worldcom, Inc. v. Graphnet, Inc., 343 F. 3d 651, 653 (3d Cir. 2003)). A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler v. UPMC Shadyside, 578 F. 3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)).

**C.    DISCUSSION**

The University asserts that the Board of Trustees should be dismissed from this case because it is a redundant defendant. ECF No. 7 ¶ 3. Multiple decisions from the United States District Courts support this assertion. In E.B. v. Woodland Hills Sch. Dist., 2010 WL 2817201, *4 (W.D. Pa. July 16, 2010), this Court dismissed the Woodlands Hills Board of School Directors as a redundant party to Woodland Hills School District because the school district, a named defendant, "would ultimately be liable for an judgment entered against the Board of School Directors." The E.B. decision cited to Satterfield v. Borough of Schuylkill Haven, 12 F.Supp.2d 423, 431 (E.D. Pa. 1998), in which the United States District Court for the Eastern

District of Pennsylvania found that the Borough Council of Schuylkill Haven was a redundant party because the Borough of Schuylkill Haven was a named defendant who would be directly liable for misconduct of the Borough. The Satterfield court pointed out, however, that the dismissal of the Borough Council in no way prejudiced Plaintiff from pursuing his claims related to the Borough Council. Id. The United States District Court for the Middle District of Pennsylvania, looking at a university setting, held similarly in Chinoy v. The Pennsylvania State Univ., 2012 WL 727965, *3 (M.D. Pa. March 6, 2012). The Chinoy court dismissed the university's board of trustees as redundant because the university had been named as a defendant. The foregoing cases clearly favor the dismissal of the Board of Trustees from this case as a redundant defendant because the University, who is liable for the actions of its Board of Trustees, is a named defendant.

In opposing to the Motion to Dismiss, Plaintiff primarily relies on Smith v. General Electric Co., 938 F.Supp. 70 (D. Mass. 1996), which was a suit for damages sustained in a nuclear accident filed against Boston Edison, the plant where the injury occurred, and General Electric, the supplier of the plant's fuel rods. In Smith, the court refused to dismiss General Electric from the suit even though a statute required Boston Edison to indemnify General Electric for any damages for which it was found liable. Id. at 78. The Smith court reasoned that dismissing General Electric would hinder the plaintiff from developing claims concerning General Electric's conduct, thus limiting the plaintiff's ability to prove damages. Id.

The instant case is easily distinguishable from Smith. In the Smith case, General Electric was not redundant to Boston Edison in liability; rather, Boston Edison and General Electric had an indemnitor/indemnitee relationship. Id. at 77. Like the parties in the above-cited cases where a party was found to be redundant, the University and the Board of Trustees are redundant both

3

in liability and in damages.  Dismissing the Board of Trustees will not affect Plaintiff's ability to investigate conduct by the Board of Trustees, nor will it affect his ability to prove damages.

D.  **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the University's Motion to Dismiss, ECF No. 7, be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: January 19, 2016

cc: The Honorable Cathy Bissoon
United States District Judge

All Counsel of Record Via CM-ECF